**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MOHAMMED ETAYYEM,**

    Plaintiff,

v.                                            Case No.  8:12-cv-1672-T-30TGW

**BOB GUALTIERI, PINELLAS COUNTY**
**SCHOOL BOARD, JAMES ROBERT**
**MILLER, WALTER D. BONASORO,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Bob Gualtieri's Motion to Dismiss Count IV of Plaintiff's Amended Complaint (Dkt. 27) and Plaintiff's Response in opposition (Dkt. 29).  The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

The facts are taken from Plaintiff's amended complaint, which the Court must accept as true at the motion to dismiss stage (Dkt. 23).  During the relevant time, Plaintiff Mohammed Etayyem was a student at Dunedin High School located in Pinellas County, Florida.  Defendant Bob Gualtieri is the sheriff for Pinellas County (the "Sheriff").  Defendant Pinellas County School Board (the "School Board") is the governing body of the Pinellas County school district responsible for the control, operation, organization,

management, and administration of Pinellas County schools. The Sheriff provides law enforcement services to Dunedin High School through a School Resource Deputy Agreement with the School Board. Under the School Resource Deputy Agreement, deputies assigned to provide law enforcement services (School Resource Deputies) act as both law enforcement officers and school administrators.

On January 27, 2011, Defendants James Robert Miller and Walter D. Bonasoro (collectively, the "Deputies") were serving as School Resource Deputies for Dunedin High School. When Etayyem arrived at school that day, he was sent to the School Resource Office to see the Deputies, who proceeded to search him. The Deputies did not find any marijuana on Etayyem and he then exited the School Resource Office.

The amended complaint alleges that Deputy Miller claimed that he followed Etayyem out of the School Resource Office in an effort to "protect" him and to investigate Etayyem's use of profanity in violation of a school rule. Deputy Miller attacked Etayyem from behind and threw him on the ground, punching him repeatedly. Deputy Bonasoro then pursued Etayyem and stepped on Etayyem's hand and elbow. Deputy Miller then pulled Etayyem to his feet and twisted Etayyem's right arm behind his back, forcing Etayyem's arms over his head in a hunched position. As a result of the Deputies' actions, Etayyem suffered injuries to his face, nose, and hand.

Subsequently, Etayyem provided notice to the Sheriff and the School Board of the January 27, 2011 incident and they did not resolve Etayyem's claims of injuries. Etayyem

brought the instant action against the Defendants under 42 U.S.C. § 1983 and related tort claims under Florida law based on the January 27, 2011 incident.

On September 10, 2012, the Court granted the Sheriff's motion to dismiss and dismissed the section 1983 claim and Florida negligent training claim without prejudice (Dkt. 21). On September 13, 2012, Etayyem filed an amended complaint, which, in pertinent part, dropped the section 1983 claim and amended the negligent training claim against the Sheriff (Dkt. 23). This case is at issue upon the Sheriff's motion to dismiss the negligent training claim (Count IV of the amended complaint).

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

**DISCUSSION**

In Count IV of the amended complaint, Etayyem alleges a negligent training claim against the Sheriff. The Court originally dismissed this claim without prejudice because it challenged the content of the Sheriff's training program as opposed to the way in which the existing program was implemented. The Court explained that the allegations were insufficient to establish that the Sheriff was negligent in the *implementation or operation* of the training program. The Court further explained that, under Florida law, sovereign immunity is not waived for acts related to "discretionary" policy choices. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001). Finally, the Court noted that a claim of negligent training for the Sheriff's failure to train the Deputies, which resulted in the violation of Etayyem's constitutional rights, related to the Sheriff's operational policy, and not a discretionary policy. However, the allegations were too conclusory to state such a claim.

The Sheriff's motion to dismiss argues that the amended allegations are too conclusory to state a claim that the Sheriff was negligent in the implementation or operation of his training program and therefore Count IV is barred by sovereign immunity. The Court disagrees. The amended complaint alleges that, pursuant to the School Resource Deputy Agreement, the Sheriff had a duty to adequately train those deputies assigned to serve as School Resource Deputies, the Sheriff breached this duty when he failed to train Deputy Miller and Deputy Bonasoro, and, as a direct and proximate result of the Sheriff's

negligence, the Deputies used excessive force against Etayyem, resulting in injuries to Etayyem. These facts are "operational" in nature and thus sufficient to sustain a claim of negligent training against the Sheriff at this stage because they relate to the implementation of the School Resource Deputy Agreement specifically with respect to Deputy Miller and Deputy Bonasoro. *See Williams v. City of Daytona Beach*, 2005 WL 1421293, at *4-5 (M.D. Fla. June 16, 2005) (noting that "Plaintiff claims that Defendant City of Daytona Beach was 'operationally' negligent in the implementation of the established policies and procedures" which was sufficient to state a negligent training claim under Florida law at the motion to dismiss stage).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Bob Gualtieri's Motion to Dismiss Count IV of Plaintiff's Amended Complaint (Dkt. 27) is DENIED.

2. Defendant Bob Gualtieri shall file his Answer to the Amended Complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 17, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-1672.mtdismiss27.wpd